**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

_____

| | | |
|---|---|---|
| THONGLIANE EDWARDS, THUAT LUU | : | |
| MARTINE TORRES, OSCAR O. TOBAR, | : | |
| PAUL LARRY, SAMUEL STOKES, | : | |
| MARY E. IVERSEN and KEVIN IVERSEN | : | |
| on behalf of themselves and all other similarly | : | |
| situated individuals, | : | |
| | : | |
| Plaintiffs, | : | Docket No. |
| | : | |
| v. | : | |
| | : | **Complaint-Class Action** |
| | : | |
| TYSON FOODS, INC. | : | |
| (d/b/a TYSON FRESH MEATS, INC.) | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

_____:

**ORIGINAL CLASS ACTION  AND
REPRESENTATIVE ACTION COMPLAINT**

Plaintiffs, Thongliane Edwards, et al., by and through their undersigned counsel, on behalf of themselves and other similarly situated individuals either currently or formerly employed by Defendant Tyson Foods, Inc. (hereafter referred to as "Tyson"), at its meat processing facilities in Perry, Iowa and Waterloo, Iowa, for their Class Action and Representative Action Complaint against Tyson allege as follows:

## I.      INTRODUCTION

1.      This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Tyson's meat processing facilities in

Perry, Iowa and Waterloo, Iowa for the purpose of obtaining relief under Iowa law for, *inter alia*, unpaid wages and unpaid overtime wages.

2.     The named Plaintiffs also bring a representative action against Tyson under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Tyson's meat processing facilities in Perry, Iowa and Waterloo, Iowa for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3.     At all times relevant to this Complaint, Plaintiffs have worked at Tyson's meat processing facilities located in Perry, Iowa and Waterloo, Iowa.

4.     During the class period in this case, Tyson has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity.  These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

5.     At all times relevant to this Complaint, upon information and belief, Defendant Tyson has only paid certain "mesh wearing" employees at its Perry, Iowa and Waterloo, Iowa meat processing facilities four (4) minutes per day for "pre and post-shift" time,

despite the fact that Plaintiffs spend as much as 30-35 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.  This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendant Tyson is a citizen of the State of Delaware as defined by 28 U.S.C. 1332(c), since Tyson Foods, Inc. is a Delaware corporation whose principal place of business is in Springdale, Arkansas.  Alternatively, this Court has jurisdiction over Plaintiffs' state law claims pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

7.    Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Tyson resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III.    PARTIES

8.    Plaintiff Thongliane Edwards is a current Tyson employee at the Perry, Iowa meat processing facility employed during the relevant class period in this case.

9.    Plaintiff Thuat Luu is a current Tyson employee at the Perry, Iowa meat processing facility employed during the relevant class period in this case.

10.     Plaintiff Martine Torres is a current Tyson employee at the Perry, Iowa meat processing facility who was employed during the relevant class period in this case.

11.     Plaintiff Oscar O. Tobar is a current Tyson employee at the Perry, Iowa meat processing facility who was employed during the relevant class period in this case.

12.     Plaintiff Paul Larry is a current Tyson employee at the Waterloo, Iowa meat processing facility who was employed during the relevant class period in this case.

13.     Plaintiff Samuel Stokes is a current Tyson employee at the Waterloo, Iowa meat processing facility employed during the relevant class period in this case.

14.     Plaintiff Mary E. Iversen is a current Tyson employee at the Waterloo, Iowa meat processing facility employed during the relevant class period in this case.

15.     Plaintiff Kevin Iversen is a current Tyson employee at the Waterloo, Iowa meat processing facility employed during the relevant class period in this case.

16.     Plaintiffs bring this class action for their state law claims on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Tyson's meat processing facilities located in Perry, Iowa and Waterloo, Iowa ("Class members").  Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a representative action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former employees who work or worked at Tyson's meat processing facilities located in Perry, Iowa and Waterloo, Iowa.

17.     Defendant Tyson Foods, Inc. is a Delaware corporation that operates numerous meat processing facilities throughout the United States including facilities in Perry, Iowa (located in Dallas County, IA) and Waterloo, Iowa (located in Black Hawk County, IA). Defendant Tyson is a corporation engaged in interstate commerce and in the production

4

of goods for commerce throughout the United States.  Defendant Tyson can be served with original service of process through its agent for service, CT Corporation System, 100 Pine Street, Harrisburg, PA 17101.

## IV.                 CLASS ACTION ALLEGATIONS

18.     The Named Plaintiffs are individuals who are currently, or were within the applicable period of limitations prior to the commencement of this action, employed by Defendant Tyson at its meat processing facilities in Perry, Iowa and Waterloo, Iowa. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of the Tyson meat processing facilities in Perry, Iowa and Waterloo, Iowa (the "Class").

19.     Plaintiffs believe that there are at least 3500 present and former production and support employees in the Class during the relevant Class period of March 21, 2006 to the present.

20.     Given the size of the facilities involved and the systematic nature of Defendant Tyson's failure to comply with Iowa statutory law, the members of the Class are so numerous that joinder of all members is impractical.

21.     The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendant Tyson's unlawful compensation system as described in more detail herein.

22.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

23.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiffs and the Class are:

   a.     Whether the work performed by Plaintiffs and the Class is included in the type of work Defendant Tyson employed Plaintiffs and the Class to perform;

   b.     Whether the work performed by Plaintiffs and the Class is compensable under federal law and/or Iowa state law;

   c.     Whether Defendant Tyson has engaged in a pattern and/or practice in Iowa of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendant Tyson's benefit which was not properly compensated;

   d.     Whether Defendant Tyson has failed to permit full meal and rest periods as required by Iowa law, other applicable regulations, and/or Defendant Tyson's stated policies;

   e.     Whether Defendant Tyson has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

   **f.**     Whether Defendant Tyson has failed to keep true and accurate time records for all hours worked by its employees as required by Tyson's policies and federal and state law;

g.      Whether Defendant Tyson failed to pay Plaintiffs and the Class for all of

the work Tyson required them to perform;

h.      Whether Defendant Tyson violated the Iowa Wage Payment Collection

Law, Iowa Code 91A.1 et seq. through its practices of not paying

employees for all time worked;

i.      Whether Defendant Tyson failed to pay employees for time spent walking

between work stations after the first compensable work activity and before

the last compensable work activity in violation of both the federal Fair

Labor Standards Act and the Iowa Wage Payment Collection Law; and

j.      The nature and extent of class-wide injury and the measure of damages for

the injury.

24.     Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein.  Such treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the duplication of effort and expense that

numerous individual actions would entail.  No difficulties are likely to be encountered in

the management of this class action that would preclude its maintenance as a class action,

and no superior alternative exists for the fair and efficient adjudication of this

controversy.  The Class is readily identifiable from the Defendant Tyson's own

employment records.

25.     Prosecution of separate actions by individual members of the Class would create

the risk of inconsistent or varying adjudications with respect to individual members of the

Class that would establish incompatible standards of conduct for Defendant Tyson.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Tyson.

27.     Without a class action, Defendant Tyson will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

28.     Defendant Tyson owns and operates meat processing facilities in Perry, Iowa and Waterloo, Iowa.  The complained of unlawful compensation system at issue in this Complaint has affected Defendant Tyson's present and former production and support employees uniformly at these locations.  At all times relevant to this Complaint, Defendant Tyson has utilized the same compensation system complained about herein.

29.     Under Defendant Tyson's wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time."  Defendant Tyson, with the exception of the payment to some employees of four minutes per day for "pre and post-shift activities," as a matter of policy and practice, does not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing sanitary and protective equipment, cleaning and sanitizing that equipment, walking to their lockers and/or production line after already performing

compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendant Tyson also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

30.     Pursuant to federal regulations and Defendant Tyson's own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment ("PPE") for protection and sanitary reasons. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Defendant Tyson's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect Tyson's meat products from contamination by food borne diseases.

31.     As a consequence of the compensation system utilized by Defendant Tyson, Plaintiffs and Class members are not fully paid at the beginning of each shift for the time it takes to don their PPE, obtain other necessary tools and gear, maintain those tools and gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, walk to production areas and prepare to begin performing line activities.

32.     At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their PPE.  Production employees must also obtain other tools and PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE before paid time begins.  Other than allegedly being paid a total of four (4) minutes per day of "pre and post-shift activity" time, Plaintiffs are not paid for these work activities.

33.     Pursuant to Defendant Tyson's compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

34.     During their unpaid lunch and other unpaid breaks, Plaintiffs and Class members have to remove their PPE, clean their PPE, and then re-don it at the end of breaks.  These employees are not paid anything or are not fully paid for performing these work activities.

35.     After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

36.     According to Defendant Tyson's compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers, doff additional PPE and stow gear, tools and PPE.

37.     As a result of Defendant Tyson's compensation system, and other practices and policies followed by Tyson, Plaintiffs and Class members are not paid for all of the time that they work presently (other than the four minutes per day which Tyson purports that it pays) and they have not been paid for all of the time they have worked for several years.

38.     Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant Tyson's meat processing facilities in Perry, Iowa and Waterloo, Iowa and who were and/or continue to be deprived of their lawful wages under federal and Iowa state law in the same manner.

39.     The facts and circumstances relating to Defendant Tyson's compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

40.     Defendant Tyson's failure to pay Plaintiffs and Class members their lawful wages was and is willful.  Defendant Tyson knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.  Defendant Tyson does not have written authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

41.     Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Tyson has refused to fully compensate workers at their Perry, Iowa and Waterloo, Iowa facilities for any of this time.

## V.    CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Plaintiffs v. Defendant Tyson**

42.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

43.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Tyson was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

44.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Tyson, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  Plaintiffs assert that the Defendant Tyson's refusal to pay for time worked was willful.

45.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Tyson:

A.  That this Court permit this action to go forward as a representative action pursuant to 29 U.S.C. § 216(b) and approve notice of this action to all other similarly situated at Tyson's Perry, Iowa and Waterloo, Iowa facilities who worked there during the time period of March 21, 2005 to the present.

B.  That this Court Order an accounting of lost wages for Plaintiffs;

C.  That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

D.  That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

### Violation of The Iowa Wage Payment Collection Law
### Iowa Code 91A.1 et seq.
### All Class Members v. Defendant Tyson

46.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

47.     Upon information and belief, the Class period for this cause of action is at least March 21, 2006 to the present.

48.     Pursuant to the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq., Defendant Tyson is required to pay all wages owed to its employees.

49.     Defendant Tyson has intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and class members in violation of the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq.

50.     Defendant Tyson is not permitted by state or federal law to withhold or divert any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

51.     Defendant Tyson does not have written authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

52.     Pursuant to the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq., and specifically Iowa Code 91A.8, employers such as Defendant Tyson who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for any wages or expenses that were not paid, plus liquidated damages, court costs and usual and necessary attorneys fees incurred in recovering the unpaid wages or expenses.

53.     Defendant Tyson has violated Iowa state law by failing to pay Plaintiffs and class members for all compensable time and by failing to pay Plaintiffs and class members for all work time, including overtime, at the established rate.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Tyson:

A.  That this Court enter an Order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

B.  That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

C.  That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

D.  That this Court award lost wages, lost overtime wages, interest, costs and attorney's fees.

Respectfully submitted,


  /s/ Connie L. Howard
CONNIE L. HOWARD
Iowa Bar No. 18993
ROBERT D. METCALF
Minnesota Bar No. 72308
JAIRUS M. GILDEN (Of Counsel)
Illinois Bar No. 12972
Metcalf, Kaspari, Howard
Engdahl & Lazarus, P.A.
333 Parkdale Plaza
1660 South Highway 100
Minneapolis, MN 55416-1573
E-Mail:  clhoward@metcalf-law.com

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone:  (610) 940-9099
Facsimile:  (610) 940-0284
E-mail:  cafstar@aol.com

MICHAEL HAMILTON
Tenneesee Bar # 10720
Provost Umphrey Law Firm, LLP
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
Phone:  (615) 242-0199
Facsimile:  (615) 256-5922
E-mail:  mhamilton@provostumphrey.com

ROGER K. DOOLITTLE
Mississippi Bar No. 06149
460 Briarwood Drive, Suite 500
Jackson, MS 39206-3060
Phone:  (601) 957-9777
Fax:  (601) 957-9779
E-Mail:  rogerkdoolittle@aol.com

**Attorneys for Plaintiffs**

DATED:  March 20, 2008