IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THONGLIANE EDWARDS, THUAT LUU, MARTINE TORRES, OSCAR O. TOBAR, PAUL LARRY SAMUEL STOKES, MARY E. IVERSEN and KEVIN IVERSEN on behalf themselves and all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS, INC. (d/b/a Tyson Fresh Meats), <br><br> Defendant. | CASE NO. 4:08-cv-00113-JAJ-RAW |

ANSWER OF DEFENDANT, TYSON FOODS, INC.,
TO ORIGINAL REPRESENTATIVE ACTION COMPLAINT

Defendant, Tyson Foods, Inc., ("Tyson")[1], hereby answers the complaint in the instant Fair Labor Standards Act action with the following responses numbered to correspond with the numbered paragraphs of the complaint. Defendant denies each and every allegation of the complaint not expressly admitted below.

INTRODUCTION

1. Tyson admits that the complaint purports to be a representative action on behalf of the individuals listed as plaintiffs and on behalf of others whom plaintiffs allege are similarly situated pursuant to Iowa state law. Tyson denies that the individuals listed as plaintiffs are

---

[1] Plaintiffs improperly identify the Defendant in this matter as Tyson Foods, Inc. d/b/a Tyson Fresh Meats. Tyson Fresh Meats, Inc. is a separate entity and is a wholly-owned subsidiary of Tyson Foods, Inc.

1

similarly situated to other current or former employees at the meat processing facilities in Perry and Waterloo, Iowa, and denies all remaining factual and legal allegations in paragraph 1.

2. Tyson admits that the complaint purports to be a representative action on behalf of the individuals listed as plaintiffs and on behalf of others whom plaintiffs allege are similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. Tyson denies that the individuals listed as plaintiffs are similarly situated to other current or former employees at the meat processing facilities in Perry and Waterloo, Iowa, and denies all remaining factual and legal allegations in paragraph 2.

3. Tyson admits that the individuals listed as plaintiffs are employees of the Perry and Waterloo meat processing facilities. Tyson denies the remaining allegation in paragraph 3.

4. Tyson denies the allegations in paragraph 4.

5. Tyson admits that it pays many of the production employees at its Perry and Waterloo facilities for extra minutes every day. Tyson denies all remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Tyson denies that the aggregate claims of the purported individual class members exceeds the sum or value of $5,000,000.00. Tyson further denies that the court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Tyson admits the remaining allegations in paragraph 6.

7. Tyson admits the allegations in paragraph 7.

## PARTIES

8. Tyson admits the allegations in paragraph 8.

9. Tyson admits the allegations in paragraph 9.

10. Tyson admits the allegations in paragraph 10.

11. Tyson admits the allegations in paragraph 11.

12. Tyson denies that plaintiff Paul Larry is a current Tyson employee at the Waterloo, Iowa facility, and states that plaintiff Larry's employment there terminated in October 2007.

13. Tyson admits the allegations in paragraph 13.

14. Tyson admits the allegations in paragraph 14.

15. Tyson admits the allegations in paragraph 15.

16. Tyson admits that the complaint purports to be a representative action, but denies that the individuals named as plaintiffs are similarly situated to other current and former production and support employees at its Perry and Waterloo, Iowa facilities. Tyson admits that the individuals named as plaintiffs allege individual claims under the FLSA. Tyson denies any remaining allegations in paragraph 16.

17. Tyson admits the allegations in paragraph 17.

## CLASS ACTION ALLEGATIONS

18. Tyson admits that the individuals listed as plaintiffs have been employed at the Perry and Waterloo facilities within three years prior to the filing of this complaint. Tyson denies all remaining allegations in paragraph 18.

19. Tyson admits that at least 3500 current or former production and support employees have worked at the Perry and Waterloo facilities between March 21, 2006 and the date of the filing of this complaint. Tyson denies all remaining allegations in paragraph 19.

20. Tyson denies the allegations in paragraph 20.

21. The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 21.

22. The allegations in paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 22.

23. The allegations in paragraphs 23 and 23a.-j. state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraphs 23 and 23a.-j.

24. Tyson denies that the individuals named as plaintiffs are similarly situated to other current and former employees at the Perry and Waterloo facilities. Tyson denies that the members of the purported class are readily identifiable from Tyson's records. The remaining allegations in paragraph 24 contain legal conclusions to which no response is required, and to the extent a response is required, Tyson denies the remaining allegations in paragraph 24.

25. The allegations in paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 25.

26. The allegations in paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 26.

27. The allegations in paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 27.

## REPRESENTATIVE ACTION ALLEGATIONS

28. Tyson admits the allegation in the first sentence of paragraph 28. Tyson denies all remaining allegations in paragraph 28.

29. Tyson admits that it pays its hourly production employees for regularly scheduled time worked on the production line or in production areas. Tyson admits that it pays many of the production employees at its Perry and Waterloo facilities for extra minutes every day. Tyson

states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time. Tyson denies all remaining allegations in paragraph 29.

30. Tyson admits that pursuant to government regulations and corporate or local policy, it requires production employees at its Perry and Waterloo facilities to wear certain sanitary and protective clothing, which varies by position. Tyson admits that sanitary and protective clothing varies by plant, and may include the items listed in the second sentence of paragraph 30. Tyson states that some of these items may be required to be worn, and some are optional, depending on position. Tyson admits that most of the production employees at the Perry and Waterloo facilities use knives and other sharp instruments, and steels or tools for maintaining them, in the course of their work. Tyson admits that some sanitary and protective clothing is designed to prevent injury to the employee or contamination of the product. Tyson denies all remaining allegations in paragraph 30.

31. Tyson states all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time. Tyson denies all remaining allegations in paragraph 31.

32. Tyson admits that employees who work in the production area generally obtain sanitary and protective clothing from their lockers at the beginning of each shift. Tyson admits that production employees must walk to the production lines, and that employees who use knives must dunk them in a tub of sanitizer on their way to their work stations. Tyson states all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time, and Tyson denies all remaining allegations in paragraph 32.

33. Tyson denies the allegations in paragraph 33, and states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time.

34. Tyson admits that production employees remove some of their sanitary and protective clothing when they take their meal periods and breaks, and put it back on when they return to the production area. Tyson denies the remaining allegations in paragraph 34.

35. Tyson admits that hourly production employees remove some items of sanitary and protective clothing at the end of their shifts and place them in the garbage or laundry, and may rinse some items and place them in their lockers or take them home. Tyson denies that it is required to compensate employees for these activities and denies the remaining allegations in paragraph 35.

36. Tyson denies the allegations in paragraph 36, and states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time.

37. Tyson denies the allegations in paragraph 37, and states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time.

38. Tyson denies the allegations in paragraph 38.

39. The allegations in paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 39.

40. Tyson denies the allegations in the first two sentences of paragraph 40. The remaining allegations in paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the remaining allegations in paragraph 40.

41. Tyson denies the allegations in paragraph 41.

## CAUSES OF ACTION

COUNT I– Violation of the Fair Labor Standards Act

42. Tyson incorporates by reference its responses to all preceding paragraphs.

43. Tyson admits the allegations in paragraph 43 and states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time.

44. Tyson denies that it failed to pay overtime as required by the FLSA. The remaining allegations in paragraph 44 state legal conclusions to which no response is required; to the extent a response is required, Tyson denies the remaining allegations in paragraph 44.

45. The allegations in paragraph 45 state legal conclusions to which no response is required; to the extent a response is required, Tyson denies the allegations in paragraph 45.

[PRAYER FOR RELIEF]

Tyson denies that plaintiffs are entitled to any of the relief they seek in paragraphs A through D of their prayer for relief.

COUNT II – Violation of Iowa Wage Payment Collection Law

46. Tyson incorporates by reference its responses to all preceding paragraphs.

47. The allegations in paragraph 47 state legal conclusions to which no response is required; to the extent a response is required, Tyson denies the allegations in paragraph 47.

48. The allegations in paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 48.

49. Tyson denies that it has refused, intentionally or otherwise, to pay all wages due its employees at the Perry and Waterloo facilities. The remaining allegations in paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the remaining allegations in paragraph 49.

50. The allegations in paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 50.

51. The allegations in paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 51.

52. Tyson denies that it has intentionally refused or failed to pay any wages owed its employees. The remaining allegations in paragraph 52 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 52.

53. Tyson denies the allegations in paragraph 53, and states that all hourly employees at the Perry and Waterloo facilities are properly paid for all compensable time.

[PRAYER FOR RELIEF]

Tyson denies that plaintiffs are entitled to any of the relief they seek in paragraphs A through D of their prayer for relief.

DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs are not similarly situated to each other, to the proposed class members, or to any other person or persons for the purposes of the FLSA or the purported state law claims.

3. Plaintiffs cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

4. Plaintiffs cannot satisfy the requirements for a class action under Federal Rule of Civil Procedure 23, thus barring class action treatment.

5.  Defendant had no knowledge of, nor should it have had knowledge of any alleged off-the-clock work by the plaintiffs or any proposed class members, and it did not authorize, require, request, suffer, or permit such activity by the plaintiffs or any proposed class members.

6.  If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to work off the clock, such supervisor or manager acted outside the scope of his or her employment.

7.  Tyson did not willfully deprive any person of any wages to which they may have been entitled.

8.  Plaintiffs and other proposed class members are not entitled to recover liquidated damages because Tyson at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA or the Iowa Wage Payment Collection Law.

9.  Plaintiffs and other proposed class members are not entitled to recovery because any alleged acts or omissions were made by Tyson in good faith in conformity with and reliance on applicable administrative regulation, order, ruling, approval, or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Tyson belongs.

10. The plaintiffs and other proposed class members are not entitled to any recovery because all or part of the claims are barred by *Reich v. IBP*, 38 F.3d 1123 (10th Cir. 1994) and the negotiated settlement reached in *Herman v. IBP*, Case No. 98-2163 (D. Kan).

11. Some of the plaintiffs' and other proposed class members' claims are barred by the applicable statute of limitations.

12. All or part of the time for which plaintiffs or any proposed class members seek compensation does not constitute compensable time for purposes of the FLSA or the Iowa Wage Payment Collection Law.

13. All or part of the time for which plaintiffs or any proposed class members seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

14. All or part of the claims are barred under the *de minimis* doctrine.

15. If any of the activities are determined to be compensable, Tyson's liability to any particular employee has been fully or partially satisfied by its payment of extra time for such activities.

16. Some of the plaintiffs and other proposed class members are not entitled to relief for the pre- and post-shift activities of which they complain because the employees were covered by a bona fide collective bargaining agreement and there was a custom or practice of non-payment for such activities, thus excluding such time from the definition of "hours worked" pursuant to 29 U.S.C. § 203(o).

17. The complaint fails to state a claim against Tyson upon which compensatory damages, liquidated damages or interest can be awarded.

18. The complaint fails to state a claim against Tyson upon which attorneys' fees or costs can be awarded.

19. The Complaint fails to state a claim against defendant upon which an accounting or injunctive relief can be awarded.

20. The Court lacks subject matter jurisdiction of the plaintiffs' state law claims. The Court lacks diversity jurisdiction of the individual plaintiff claims because, based on information presently available to Defendant, none of the named plaintiffs' claims exceeds $75,000 and the

aggregated claims of the putative class do not exceed $5,000,000. The Court also should decline exercise of supplemental jurisdiction because, among other reasons, the state law claims raise a novel or complex issue of state law, the state law claims substantially predominate over the claims for which the Court has original jurisdiction, and there are other compelling reasons for declining jurisdiction.

21. Plaintiffs' state law claims are barred because of a failure of consideration.

22. Plaintiffs' state law claims are barred because they have been fully paid for the work they performed.

23. Plaintiffs' state law claims are barred by the doctrine of unclean hands.

24. Plaintiffs' state law claims are barred by laches.

25. Tyson reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Dated this 4th day of June, 2008

TYSON FOODS, INC., Defendant,

By: s/Heidi A. Guttau-Fox
Heidi Guttau-Fox (IA # 15513)
ICIS #AT0003021
Steven D. Davidson (pro hac vice application forthcoming)
Allison D. Balus (pro hac vice application forthcoming)
of BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
Phone: 402-344-0500
Facsimile: 402-344-0588
abalus@bairdholm.com
and

By: s/Michael J. Mueller
Michael J. Mueller (pro hac vice application forthcoming)
Joel M. Cohn (pro hac vice application forthcoming)
of AKIN GUMP STRAUSS HAUER & FELD, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Phone: 402-344-0500

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

      I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Connie L. Howard
    Brian P. McCafferty
    Michael Hamilton
    Roger K. Doolittle

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

    None.

                                                              s/Heidi A. Guttau-Fox