IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THONGLIANE EDWARDS, et al., individually and on behalf of a class of others similarly situated, | : <br> : <br> : Case No. 4:08-cv-0113-JAJ-TJS |
| Plaintiffs, <br> v. | : <br> : <br> : |
| TYSON FOODS, INC.. <br> (d/b/a Tyson Fresh Meats, Inc.) | : <br> : <br> : |
| Defendant. | : |

## PLAINTIFFS' RESPONSE TO DEFENDANT TYSON'S MOTION FOR CASE COORDINATION

Plaintiffs Thongliane Edwards, et al., on behalf of themselves and all others similarly situated, hereby files the following response to Defendant Tyson's Motion For Case Coordination.

I. **PROCEDURAL HISTORY**

On May 13, 2009, Defendant Tyson Foods, Inc., d/b/a Tyson Fresh Meats, (hereafter "Tyson" or "Defendant"), filed a motion with this Court, seeking to coordinate limited aspects of this action and 9 other related actions in which Tyson is a defendant on similar issues. These ten total Tyson cases are pending in the District of Nebraska (3 cases) Southern District of Iowa (3 cases), Northern District of Iowa (1 case), Northern District of Indiana (1 case), Central District of Illinois (1 case) and the District of Kansas (1 case). Tyson contends that this Court should permit certain aspects of this matter (particularly discovery matters and particularly those that pertain to Tyson's

headquarters operations). Plaintiffs now file this response informing the Court that they are not opposed to this Motion.

## II. ARGUMENT

Plaintiffs do not oppose Defendant Tyson's Motion For Case Coordination, primarily because this Court is already coordinating the Tyson actions that were filed in Iowa. Essentially, as it pertains to the Iowa Tyson cases, this Court is already providing the relief sought by Tyson in that Magistrate Judge Shields is already presiding over all discovery issues in these cases and is already coordinating certain aspects of the Iowa actions.

Plaintiffs also note that the District of Nebraska has already denied Tyson's similar motion to coordinate in all three Nebraska cases (Lopez, Gomez and Acosta) that are referenced in Tyson's Motion.[1] Moreover, the plaintiffs in the Kansas Tyson case (Garcia) are opposing Tyson's motion. As this Court is already aware, the plaintiffs in the Maxwell action before this Court have also opposed Tyson's motion. Accordingly, the partial coordination of all cases that Tyson was seeking is not going to occur in any event.

Respectfully submitted,

/s/ Brian P. McCafferty

---

Brian P. McCafferty, Esq.
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462

---

[1] The Nebraska court's June 11, 2009 Order is attached hereto as **Exhibit "A"**.

(610) 940-9099
(610) 940-0284 (facsimile)
E-Mail: cafstar@aol.com

Attorneys For Plaintiffs

Dated: June 11, 2009

## CERTIFICATE OF SERVICE

I, Brian P. McCafferty, hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendant Tyson's Motion to Stay Proceedings has been served upon the following counsel for Defendant Tyson Foods in accordance with the Local Rules of Civil Procedure via the Court's electronic filing CM/ECF system on June 11, 2008:

>Allison Balus, Esq..
>Heidi Gattau-Fox, Esq.
>Steven D. Davidson, Esq.
>Michael Mueller, Esq.
>Wesley Stockard, Esq.
>L. Traywick Duffie, Esq.

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

>None.

>/s/ Brian P. McCafferty
>_____
>Brian P. McCafferty, Esq.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DIMAS LOPEZ, et al., | ) | 8:06-cv-459 |
| Plaintiffs, | ) | |
| v. | ) | |
| TYSON FOODS, | ) | |
| Defendant. | ) | |
| JOSE A. GOMEZ, et al., | ) | |
| Plaintiffs, | ) | 8:08-cv-21 |
| v. | ) | |
| TYSON FOODS, INC., | ) | |
| Defendant. | ) | |
| MANUEL ACOSTA, et al., | ) | 8:08-cv-86 |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| TYSON FOODS, INC., | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' motions for case coordination, Filing No. 144 in 06-cv-459; Filing No. 30 in 8:08-cv-21 and Filing No. 33 in 8:08-cv-86. These are actions for violations of the Fair Labor Standards Act. Plaintiffs in all three cases allege that Tyson Foods, Inc. ("Tyson") failed to pay wages or overtime for time they spent putting on and taking off sanitary and protective clothing for work. The plaintiffs in one of these cases have been granted conditional class action certification. *See* Filing No. 124 in *Lopez v. Tyson,* No. 8:08-cv-459.

The Judicial Panel on Multidistrict Litigation ("MDL Panel") has denied motions pursuant to 28 U.S.C. § 1407 for consolidation or coordination of these and seven other cases filed against the defendant in other jurisdictions.[1] *In Re: Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litigation,* MDL No. 1986 (Oct. 9, 2008); Filing No. 20 in 8:08-cv-86; Filing No. 135 in 8:06-cv-459; Filing No. 18 in 8:08-cv-21. The MDL Panel was "not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses and promote efficient conduct of this litigation." *Id.* It found "discovery is likely to be plant-specific and proceed on a plant-by-plant basis" and that any common questions of fact among these actions were not shown to be sufficiently complex and/or numerous to justify a transfer at this time. *Id.* Counsel in the actions were urged to "avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings." *Id.*

Tyson now seeks limited discovery and pretrial coordination of the actions and proposes that a magistrate judge from the United States District Court for the District of Iowa be appointed to hear and decide all discovery motions and requests appointment of "liaison counsel," and certain other discovery orders. The plaintiffs have not filed a response to the motion.

With respect to alternatives to transfer, the MDL Panel contemplates that "notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three courts directing the parties to coordinate their pretrial efforts." *See In re Eli Lilly & Co.(Cephalexin Monohydrate) Patent Litig.,* 446 F. Supp. 242,

---

[1] The cases are: *Acosta v. Tyson Foods, Inc.,* No. 8:08-CV-00086 (D. Neb. filed Feb. 29, 2008); *Bouaphakeo v. Tyson Foods, Inc.,* No. 5:07-CV-04009 (N.D. Iowa filed Feb. 6, 2007); *Maxwell v. Tyson Foods, Inc.,* No. 1:08-CV-00017 (S.D. Iowa filed Apr. 29, 2008) (formerly *Brinseno Salazar v. Tyson Foods, Inc.*); *Carter v. Tyson Foods, Inc.,* No. 3:08-CV-00209 (N.D. Ind. filed Apr. 29, 2008); *Edwards v. Tyson Foods, Inc.,* No. 4:08-CV-00523 (S.D. Iowa filed Mar. 20, 2008); *Garcia v. Tyson Foods, Inc.,* No. 06-CV-2198 (D. Kan. filed May 15, 2006); *Gomez v. Tyson Foods, Inc.,* No. 8:08-CV-00021(D. Neb. filed Jan. 16, 2008); *Lopez v. Tyson Foods, Inc.,* No. 8:06-CV-00459 (D. Neb. filed June 30, 2006); *Murray v. Tyson Foods, Inc.,* No. 4:08-CV- 04001 (C.D. Ill. filed Jan. 2, 2008); *Robinson v. Tyson Foods, Inc.,* No. 3:07-CV-00088 (S.D. Iowa filed Sept. 12, 2007).

244 (J.P.M.L. February 26, 1978). Another option would be for the parties to seek stays of some actions, pending the outcome of others. *Id.*

Notwithstanding the plaintiffs' failure to object, the court finds no authority for defendant's proposal. The defendant's identical motions in other jurisdictions have been opposed by plaintiffs therein. *See, e.g., Maxwell v. Tyson*, No. 1:08-cv-17 (S.D. Iowa), Filing No. 74. There has been no showing that the convenience of parties and witnesses will be served by defendant's proposal or duplication cannot be minimized through other means, chiefly, stipulation of the parties. The defendant has not presented any additional facts or evidence to justify relief that was rejected by the MDL Panel and the MDL Panel's ruling remains the law of the case. Accordingly,

IT IS ORDERED:

1. The defendant's motions for coordination of discovery (Filing No. 144 in 06-cv-459; Filing No. 30 in 8:08-cv-21 and Filing No. 33 in 8:08-cv-86) are denied.

2. Counsel for the defendant shall initiate a telephonic planning conference with Magistrate Judge Thomas Thalken within 14 days of the date of this order.

DATED this 10th day of June, 2009.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge