IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THONGALINE EDWARDS, *et al.*, | |
| Plaintiffs, | No. 4:08-cv-00113-JAJ |
| vs. | |
| TYSON FOODS, INC., | **ORDER** |
| Defendant. | |

I. PROCEDURAL BACKGROUND

This is a class action under the Fair Labor Standards Act and the Iowa Wage Payment Collection Act. This matter comes before the court pursuant to defendant's September 30, 2013 motion to decertify the Rule 23 Perry-Plant Class due to plaintiffs' failure to issue notice and for sanctions.[1] Plaintiffs resisted defendant's motion on October 01, 2013 and October 21, 2013. Defendant filed a reply brief on October 30, 2013.

Defendant requests that that the court: (1) order sanctions against plaintiffs' counsel for the amount of defendant's fees and costs incurred in preparing to defend the state-law claims at trial and during summary judgment; (2) order plaintiffs' counsel to reimburse defendant for the fees and costs of preparing this motion for sanctions and for any subsequent argument; (3) bar plaintiffs' counsel from representing the putative class members from the Perry Iowa facility in any subsequent Rule 23 class action; (4) order plaintiffs' counsel to show cause to explain why notice was not issued and why they did not promptly notify the court; and (5) grant any additional relief the court finds proper.

II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds that plaintiffs' counsel failed to ensure that the Rule 23 notice was issued, and plaintiffs' counsel failed to adequately respond to certain voice and e-mail messages from defendant's counsel. As a result of the failure to issue the required notice, the court decertified the Rule 23 class. However, the court also finds that there is no evidence to show that plaintiffs'

---

[1] On October 03, 2013, this court issued an order decertifying the Rule 23 Class, but reserved ruling on defendant's request for sanctions. In this order, the court only addresses the request for sanctions.

1

counsel acted in bad faith. It was just a costly mistake. The evidence presented does not rise to a level grave enough to warrant sanctions. Defendant requested sanctions under 28 U.S.C. § 1927, which "permits sanctions when an attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (citations omitted). This court finds that plaintiffs' counsel did not act intentionally or with reckless disregard. This court finds defendant's suggestion that plaintiffs' counsel failed to send the notice as a calculated strategy unpersuasive, given the ultimate result was decertification. In its discretion, this court chooses not to order monetary sanctions as requested by defendant.

Defendant also asks the court to use its inherent power to impose sanctions, and bar plaintiffs' counsel from representing the putative class members in the future. While there are examples of courts imposing such sanctions, this court does not find that such a bar is warranted. *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952–53 (5th Cir. 2001). "'Because of the potency of inherent powers and the limited control of their exercise, . . . they must be used with great restraint and caution.'" *Id.* (quoting *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir.1996)). "[Therefore, the] court must make a specific finding of bad faith." *Id.* (citing *Goldin v. Bartholow,* 166 F.3d 710, 722 (5th Cir.1999)). This court has already found that plaintiffs' counsel did not act intentionally or in bad faith, therefore, the court denies defendant's request that plaintiffs' counsel be barred from further representation.

Defendant requests that plaintiffs' counsel be ordered to show cause for the failure to issue notice, and that any additional sanctions the court finds proper be imposed. This court finds that failure to issue notice was a genuine oversight and not intentional, and that plaintiffs' counsel have already explained their actions in briefings and during the decertification hearing. Additionally, the court notes that the class was decertified and defendant was granted summary judgment. Therefore, this court finds that no additional sanctions are proper, and denies defendant's request that plaintiffs' counsel be ordered to show cause why sanctions should not issue.

Upon the foregoing, IT IS ORDERED that Defendant's Motion for Sanctions is DENIED.

**DATED** this 31st day of October, 2013.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA